William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
228 East 45th Street, 17th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax) (646) 688-3078

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE FORREST
11 CIV 8912

---------------------------------------------------------------------X

DONNA LEWIS, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiff,

-against-

EARLY BIRD COURIER SERVICE, LLC, d/b/a URBAN EXPRESS COURIER, CHRISTINE CHAN, and JOHN DOES #1-10,

Defendants.

---------------------------------------------------------------------X

ECF

11 Civ. ____

**COMPLAINT AND JURY DEMAND**

U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff DONNA LEWIS ("Plaintiff"), on behalf of herself individually and as class representative of other employees similarly situated, by and through her attorney, complains and alleges for her complaint against EARLY BIRD COURIER SERVICE, LLC, d/b/a URBAN EXPRESS COURIER, CHRISTINE CHAN, and JOHN DOES #1-10 (together "Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for work for which they did not receive minimum wage and/or overtime premium

pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for minimum wages, overtime wages, and spread of hours premium pay and are entitled to reimbursement for expenses related to subway Metro cards, as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

6. Plaintiff DONNA LEWIS is an adult individual, residing in New York County, New York.

7. Upon information and belief, Defendant EARLY BIRD COURIER SERVICE, LLC d/b/a URBAN EXPRESS COURIER ("Corporate Defendant") is a New York corporation, with its principal place of business in New York County located at 229 W 36th

Street, New York, N.Y. 10018.

8. Upon information and belief, Defendant CHRISTINE CHAN ("Individual Defendant") is an owner, officer, director and/or managing agent of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law and is jointly and severally liable with the Corporate Defendant.

9. Upon information and belief, Defendant CHRISTINE CHAN is the Chief Executive Officer of Defendant EARLY BIRD COURIER SERVICE, LLC d/b/a URBAN EXPRESS COURIER.

10. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

**COLLECTIVE ACTION ALLEGATIONS**

11. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since December 6, 2005 to the entry of judgment in this case (the "Collective Action Period") (period tolled for failure to post notice), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation

at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

12. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 120 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

14. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

a. whether the Defendant employed the Collective Action members within the

meaning of the FLSA;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

e. whether Defendant failed to pay the Collective Action Members, minimum wages for hours worked and/or overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendant should be enjoined from such violations of the FLSA in the future.

16. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

17. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

18. Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since December 6, 2005, to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them, spread of hours pay for hours worked a spread of ten (10) or more hours in a day, as well as overtime wages in violation of the New York Labor Law and were not paid for their expenses related to the purchase of subway Metro cards (the "Class").

19. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 120 members of Class during the Class Period.

20. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

21. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

23. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

24. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, an extra hour of pay for each day on which members of the Class worked a spread of ten (10) or more hours, as well as premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorney's fees; and

f. whether the Defendant should be enjoined from such violations of the New

York Labor Law in the future.

## STATEMENT OF FACTS

25. Lewis was employed full time by Early Bird Courier Service, LLC d/b/a Urban Express Courier and Christine Chan (together "Defendant") as a courier for a number of months from about May 27, 2007 until about December 15, 2008 ("time period") .

26. Defendant operated a courier business located at 229 W 36th Street, New York, New York 10018 ("New York Office").

27. During the time period, Defendant had at least 300 courier employees and ran a business performing hand deliveries for its clients.

28. During the time period, Lewis worked with at least 120 similar couriers based in the New York Office.

29. During the time period, Lewis worked for Defendant as a courier and delivered packages in New York City.

30. During the time period, Lewis worked five (5) days a week, Monday through Friday, and every other week, Lewis worked six (6) days a week, Monday through Saturday.

31. During the time period, Lewis worked at least fifty (50) or more hours per week and was paid less than minimum wage for her hours worked and was not paid any overtime premium pay or spread of hours premium pay.

32. During the time period, Lewis generally worked from 8:00 a.m. until she completed her last delivery on or after 6:00 p.m.

33. Every other week, Lewis generally worked from 8:00 a.m. until she completed her last delivery at about 6:00 p.m. on Monday through Friday, and then also worked Saturdays

from 8:00 a.m. until she completed her last delivery at about 6:00 p.m.

34. Lewis received no lunch break.

35. During the time period, Lewis worked 5-6 days a week and generally worked at least fifty (50) hours per week.

36. During the time period, Lewis and the other courier employees used walkie talkies to report the time of each delivery.

37. During the time period, Defendant did not post any notice indicating that courier employees had a right to minimum wages and/or overtime.

38. During the time period Lewis and other courier employees did not sign in and out of their jobs using a time machine or sign-in/out sheets.

39. During the time period, Lewis and the other courier employees were required to buy their own Metro cards for the subway.

40. The Metro cards were necessary for Lewis and the other courier employees to perform their deliveries as the delivery locations were generally far apart.

41. Defendant never reimbursed Lewis or any of the other similar courier employees for their Metro cards, which cost was about $24 per week.

42. During the time period, Lewis was paid on a piece basis, depending on the distance of her delivery. The pay per piece ranged from about $3.00-$21.00.

43. Lewis performed approximately ten (10) deliveries per day and approximately 50-55 deliveries per week.

44. Lewis was paid about $320 to $580 per week.

45. Lewis, during certain weeks, was paid less than minimum wage.

46. During the time period, Lewis was not paid time and one half her regular rate

for hours worked over forty (40) in a work week ("overtime") and was not paid an extra hour of pay for work performed at least ten (10) hours apart in a day.

47. Lewis' job responsibilities did not require any independent judgment, and she did not have the power to hire or fire employees.

48. During the time period, there were at least 120 other courier employees who did similar work as Lewis and also had no power to hire or fire employees.

49. Lewis and these similar courier employees of Defendant regularly worked more than forty (40) hours a week for Defendant.

50. During the time period, Lewis and these other similar courier employees worked more than forty (40) hours a week, but were not paid minimum wages for all hours worked and were not paid time and one half their regular hourly wage rate for hours worked over forty (40) in a workweek and were not paid spread of hours pay for hours worked at least ten (10) hours apart.

51. Lewis knows that others like her were not paid minimum wages, overtime wages or spread of hours wages by Defendant because she frequently heard other similar courier employees, including but not limited to David Martinez, complain that they worked for more than forty (40) hours in a week and were not paid overtime wages at time and one half or any additional pay for working a spread of more than ten (10) hours in a day.

52. Throughout the time period, Defendant has likewise employed other individuals, like Lewis, in positions as couriers.

53. Throughout the time period, such individuals have worked in excess of forty (40) hours per week, yet the Defendant has likewise failed to pay them minimum wages for all hours worked and failed to pay them overtime compensation of one and one half their regular

hourly rate and failed to pay them an extra hour of pay for days on which they worked a spread of at least ten (10) hours.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

54. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

55. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

57. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

58. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

59. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty (40) hours per workweek as well as minimum wages for all hours worked.

60. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than minimum wage and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, the Defendant has violated and, continues to violate,

the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Due to the Defendant's FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendant, their unpaid minimum wages, overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW**

64. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them minimum wages and/or overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty

(40) hours in a workweek, and failing to pay an extra hour of pay for spread of hours pay and failing to pay for expenses related to subway Metro cards, in violation of the New York Labor Law and its regulations.

67. The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

68. Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages, unpaid minimum wages, unpaid overtime compensation, unpaid costs related to subway Metro cards, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

69. Plaintiff and the other members of the class are owed spread of hours damages as a result of their working a spread of more than ten (10) hours on many days.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C.

§216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of monies to compensate Plaintiff and members of the class for the cost of subway Metro cards;

g. An award of unpaid wages, unpaid minimum wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

h. An award of spread of hours damages equal to an additional hour of pay for each day on which a plaintiff worked a spread of more than ten (10) hours;

i. An award of liquidated and/or punitive damages, as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
December 6, 2011

LAW OFFICE OF WILLIAM COUDERT RAND

By: ______________________

William Coudert Rand (WR 7685)
228 East 45th Street, 17th Floor
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (646) 688-3078

**ATTORNEY FOR PLAINTIFF**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Christine Chen and Early Bird Courier LLC d/b/a Urban Express Courier To pay me minimum wages and/or overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Donna Lewis
Printed Name

[signature]
Signature

12-1-11
Date