```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
PERRY MORTON, Individually and on    :
Behalf of All Other Persons Similarly:
Situated,                            :    11 Civ. 8912 (KBF)
                                     :
                    Plaintiff,       :    ORDER
                                     :
        -v-                          :
                                     :
EARLY BIRD DELIVERY SYSTEMS, LLC     :
d/b/a URBAN EXPRESS COURIER,         :
CHRISTINE CHAN, ROMAN JUZENIW, and   :
JOHN DOES #1-10,                     :
                                     :
                    Defendants.      :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 04 2012

KATHERINE B. FORREST, District Judge:

On September 19, 2012, it was reported to the Court that the parties in the above-captioned action had reached a settlement. Because stipulated settlements in an action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., must be approved by the Court in the absence of the direct supervision of the Secretary of Labor, see D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); Manning v. New York Univ., No. 98 Civ. 3300, 2001 WL 963982, at *11-12 (S.D.N.Y. Aug. 22, 2001), the Court ordered the parties to submit all papers in connection with their motion to confirm the settlement award by October 10, 2012. (Dkt. No. 148.) The parties filed their motion to confirm on October 3, 2012. (Dkt. No. 153.)

In the instant action, the parties, represented by competent and practiced counsel, have reached a settlement whereby the named plaintiff and approximately 85 opt-in plaintiffs will receive a settlement recovery based upon a formula arrived at--and agreed upon--by counsel for both parties (1.6 hours per week at a pay rate of $7.25 multiplied by the number of weeks worked with a recovery limit of 41 weeks) in exchange for a release of all claims.  (The Court notes that defendants do not have to abide by the Settlement Agreement if more than 12 opt-in plaintiffs opt-out of the settlement.)  The Settlement Agreement also provides for plaintiffs' counsel to receive fees in the amount of $68,094.91 and costs in the amount of $2,206.92.

After reviewing the joint application and the terms of the settlement agreement, and given the dispute between the parties regarding the merits of plaintiff's claim and that there is inconclusive documentation regarding the number of overtime hours plaintiffs worked along with the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.  See Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1998) (approval of settlement is a matter of discretion for the district court); Clark v. Echolab, Inc., Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL

6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . ." (quotations omitted)).

The Court also finds that the amount of attorneys' fees and costs is reasonable in light of plaintiffs' counsel's experience and the lodestar calculation. Attorneys' fee awards in FLSA actions should not be thought of as proportional to the plaintiffs' recovery, but rather as a lodestar. See Millea v. Metro-North R.R. Co., 658 F.3d 154, 169 (2d Cir. 2011) (finding that the district court abused its discretion in calculating the fee award in a fee-shifting determination as a proportion of the damages awarded to the plaintiff); Ayres v. 127 Rest. Corp., No. 96 CIV 1255, 1999 WL 328348, at *2 (S.D.N.Y. May 21, 1999) (Chin, J.). Indeed, a lodestar is considered a "presumptively reasonable fee"--even in fee-shifting civil rights actions. Millea, 658 F.3d at 166.

Plaintiffs' counsel expended approximately 142 hours in litigation this case on behalf of 86 plaintiffs and billed at a rate of $277 per hour. (See Dkt. No. 153-2, Ex. B.) Such a rate has been approved by other courts in this district. See, e.g., Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (approving rates of $425 and $275, for a partner and an associate respectively, in

an FLSA action fee award). Thus, the Court finds the amount of the fees and costs are reasonable in this action.

Accordingly, it is hereby

ORDERED that the settlement is judicially approved.

The Clerk of the Court is directed to terminate the motion at Docket No. 153, and to terminate this action.

SO ORDERED:

Dated:   New York, New York
         October 4, 2012

                                    _____
                                         KATHERINE B. FORREST
                                       United States District Judge